# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2:05-CR-133 |
| v. | ) | |
| | ) | |
| DANIEL VOELKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Daniel Voelker has moved to terminate his supervised release under 18 U.S.C. § 3583(e)(1) (ECF 90). The government opposes the motion (ECF 105).[1] After reviewing the parties' positions and considering the U.S. Sentencing Guidelines, including Amendment 835, the Court denies the motion for the reasons below.

As background, Mr. Voelker was sentenced to 71 months in prison and lifetime supervised release in 2005 after being convicted of receiving child sexual abuse material in violation of 18 U.S.C. § 2252(a)(2). He violated his supervised release six years later in 2011. ECFs 53 & 58. Then-presiding Judge Bloch sentenced him to nine months imprisonment and another lifetime supervised-release term. ECF 58. Then, in 2020, Mr. Voelker moved for early termination of his supervised release. ECF 68. Judge Bloch denied the motion. ECF 69. Now six years later, Mr. Voelker has again moved for an early termination of his supervised release. ECF 90.

Since Mr. Voelker's 2020 motion, there has been a change to the law governing motions for early termination: the November 2025 Amendment to the U.S.

---

[1] The Court requested the Probation Office to provide a position on the motion (ECF 103). It did not do so, so the Court does not take into account any information from the Probation Office that is not otherwise known by all parties.

Sentencing Guidelines.  Amendment 835 added the following guidance for district courts reviewing early termination motions:

> (B) <u>Early Termination</u>. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i)   any history of court-reported violations over the term of supervision;
>
> (ii)  the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv)  the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v)   a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi)  whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment n.1 (B).

But Amendment 835 hasn't materially changed 18 U.S.C. § 3583(e), under which a court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The Amendment just provides more guidance, which this Court takes into account.

And the Third Circuit's decision in *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020) is still good law. "After considering [the § 3553(a) sentencing factors], the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice. The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 52–53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). New circumstances are neither required nor barred, but the Third Circuit notes that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.

Considering all this, the Court finds that early termination is not appropriate here. The Court recognizes the lengths that Mr. Voelker has gone to rehabilitate himself and reenter society. The Court commends his efforts towards building a lawful life after incarceration. And the Court has considered that he has been mostly compliant with his supervised release.

But despite his progress, Mr. Voelker has not fully complied with the terms of his supervised release. And his 2011 violation was very serious—he obtained a cell phone with internet access without notifying his Probation Officer, he associated with

a woman who was engaged in sex work and the drug trade and had two children, and he corresponded with prisoners about accessing explicit websites and the conversations were sexually graphic. ECF 53. And the crime for which Mr. Voelker was originally convicted is serious, and the need for adequate deterrence cannot be taken lightly. *See United States v. Frank Christian Peralta*, No. CR 14-652-17, 2026 WL 1878609, at \*4 (E.D. Pa. June 30, 2026) (denying defendant's motion for early termination of supervised release post-Amendment 835 because of the seriousness of defendant's offenses, the sentencing range established for his offenses, and the need for adequate deterrence). Finally, Mr. Voelker's compliance since his 2011 non-compliance is evidence that supervised release is likely working. All this weighs against early termination of Mr. Voelker's supervised release.

*\*\*\*\*\**

For these reasons, the Court **DENIES** Mr. Voelker's motion for early termination of supervised release.

DATED: July 27, 2026

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

-4-